SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---

MODESTO RODRIGUEZ,

    Plaintiff,

-against-

THE CITY OF NEW YORK, WARDEN STEVEN BASTIAN, OFFICER MICHELLE GONZALEZ, ANTOINETTE DOUGLAS, AND LACHONDA LUCAS,

    Defendants.

---

Index No.: 808946/2021E

**SUMMONS**

Plaintiff designates Bronx County as the place of trial

To the above-named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is the location where the claims arose.

Dated: New York, New York
         June 29, 2021

Rickner PLLC

By: /s/ Rob Rickner

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

TO:

THE CITY OF NEW YORK
WARDEN STEVEN BASTIAN
New York City Law Department
100 Church Street
New York, New York 10007

OFFICER MICHELLE GONZALEZ
ANTOINETTE DOUGLAS
LACHONDA LUCAS
New York State Department of Corrections and Community Supervision
314 W 40th Street
New York, NY 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---

MODESTO RODRIGUEZ,

    Plaintiff,

  -against-

THE CITY OF NEW YORK, WARDEN
STEVEN BASTIAN, OFFICER
MICHELLE GONZALEZ, ANTOINETTE
DOUGLAS, AND LACHONDA LUCAS,

    Defendants.

Index No.:

**VERIFIED COMPLAINT**

---

Plaintiff Modesto Rodriguez ("Plaintiff"), by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and employees of the New York City Department of Correction ("NYCDOC"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York, when they failed to timely release him from Riker's Island after he was granted a writ of habeas corpus.

2. This action is also being brought against employees of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), who violated his rights under the Constitution of the United States by violating his parole based on false information.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

4. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2020PI027311.

6. Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on January 22, 2021.

7. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

8. Venue is properly laid in the Supreme Court of the State of New York, County of the Bronx, because the Plaintiff's claims arose in the County of the Bronx.

9. Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## PARTIES

10. Plaintiff is, and was at all times relevant to this action, a resident of Bronx County in the State of New York.

11. Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a a collection of jail's

known together as Riker's Island, that acts as its agent in the area of pre-trial detention and for which it is ultimately responsible.

12. Defendant the City of New York assumes the risks incidental to the maintenance of a Riker's Island and the employment of the officials who run it.

13. Defendant Warden Steven Bastian ("Warden Bastion") is an official at Riker's Island, employed by the NYCDOC, who is responsible for the timely release of incarcerated people.

14. Defendant Parole Officer Michelle Gonzalez ("Officer Gonzalez") is a parole officer at NYSDOCCS.

15. Lachonda Lucas ("Lucas") works for NYSDOCCS and is responsible for the timely release of incarcerated people.

16. Antoinette Douglas ("Douglas") works for NYSDOCCS and is responsible for the timely release of incarcerated people.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

17. Plaintiff's parole was violated and he was incarcerated at Riker's Island.

18. On October 22, 2019, Officer Michelle Gonzalez imposed special conditions that prohibited Plaintiff from having a cell phone with an operable camera.

19. Plaintiff had a cell phone, which had been approved, both by the prior parole officer and by Officer Gonzales and his prior parole officer. Further, Officer Gonzalez admitted that she had checked the phone and confirmed that the phone did not have an operable camera.

20. But on or about October 31, 2019, Officer Gonzalez violated Plaintiff for having the cell phone that she knew about, had checked, and had previously approved. And she contradicted

herself, claiming that she never checked the camera, even admitting that she had no idea if the camera worked or not when she violated Plaintiff.

21. Plaintiff filed a writ of habeas corpus challenging the parole violation. Warden Bastion was named as a respondent in the writ (as "WARDEN, ERIC M. TAYLOR CENTER").

22. On March 19, 2020, Plaintiff's writ was granted, with an Order that stated, in part, that "The writ of habeas corpus is sustained. The parole warrant is vacated and petitioner is ordered to be released and restored to parole supervision provided that no other valid hold exists." (No other valid hold existed).

23. The writ was promptly distributed to officials at both NYSDOC and NYSDOCCS.

24. Plaintiff, however, was not released on March 19. He was held in Riker's Island 11 extra days, until March 31, 2020, while the COVID-19 pandemic exploded at Riker's Island, and the officials there did little to protect the incarcerated people there.

25. Warden Bastian did not secure Plaintiff's timely release, despite being named as a respondent in the writ.

26. Lucas was informed of the delay in Plaintiff's detention, on March 22, 2021, and she admitted that she knew the system they use for tracking parole warrants is inaccurate, "DOCS look up often lists the warrants as being active but they are usually not." (sic). Of course, it did not matter what the system said because the writ itself vacated the warrant and Plaintiff needed to be released immediately.

27. Lucas then stated that "DDOI staff will check the status in a more reliable system tomorrow morning. Be well and enjoy the rest of the weekend!" But she never actually had DDOI staff check, and on information and belief she did not have DDOI take any other steps to ensure Plaintiff's release from custody.

28. Douglas responded to Lucas saying, "DDOI has not received any communication from counsel's office regarding Mr. Rodriguezrelease/writ." But then Douglas too did nothing to secure Plaintiff's release.

29. Plaintiff's counsel notified both NYCDOC and NYSDOCCS multiple times, starting March 19, 2021, about the need to release Plaintiff immediately. But nothing was done.

### THE INJURIES TO PLAINTIFF

30. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

31. The individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the individual Defendants are liable for punitive damages, as is the City of New York under the doctrine of *respondeat superior*.

32. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

### FIRST CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983
### AGAINST OFFICER GONZALEZ

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

34. Officer Gonzalez initiated proceedings against Plaintiff, without probable cause and with malice, and those proceedings terminated in Plaintiff's favor on March 19, 2020.

35. Plaintiff's seizure and detention at the hands of the Individual Defendants was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

36. Even assuming arguendo that Plaintiff's arrest was lawful, the Individual Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

37. That by virtue of the aforementioned acts by Officer Gonzalez, Plaintiff was deprived civil rights guaranteed under the United States Constitution, and Officer Gonzalez therefore is liable to Plaintiff for damages under 42 U.S.C. § 1983.

38. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

39. As a result of the above unconstitutional conduct, Officer Gonzalez is liable for punitive damages.

### SECOND CLAIM FOR RELIEF:
### DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983
### AGAINST OFFICER GONZALEZ

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

41. Officer Gonzalez approved Plaintiff's phone and then violated him for having it. It was obvious the phone had a camera (even though it was disabled) and yet without warning Officer Gonzalez then violated Plaintiff, causing his reincarceration.

42. That by virtue of the aforementioned acts by Gonzalez, Plaintiff was deprived of his civil rights guaranteed under the Fourthteenth Amendment to the United States Constitution, and Officer Gonzalez therefore is liable to Plaintiff for damages under 42 U.S.C. § 1983.

43. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries

44. As a result of the above unconstitutional conduct, Officer Gonzalez is liable for punitive damages.

### THIRD CLAIM FOR RELIEF:
### OVERDETENTION UNDER 42 U.S.C. § 1983
### AGAINST WARDEN BASTIAN, LUCAS, AND DOUGALS

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. Warden Bastian, Lucas, and Douglas were on notice that Plaintiff's writ had been granted and there was no legal authority to hold him.

47. Warden Bastian, Lucas, and Douglas, however, did nothing to ensure Plaintiff's release from custody, and were deliberately indifferent to this fact.

48. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution, and Warden Bastian, Lucas, and Douglas therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

49. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

50. As a result of the above unconstitutional conduct, Warden Bastian, Lucas, and Douglas are liable for punitive damages.

## FOURTH CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST
## THE CITY OF NEW YORK

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52. Plaintiff was detained by the City of new York despite there being no authority whatsoever to detain him, given he had been granted his writ.

53. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

54. The City of New York is liable for the conduct of its employees and any damages they caused under the doctrine of *respondeat superior*, including punitive damages.

## FIFTH CLAIM FOR RELIEF:
## NEGLIGENCE AGAINST THE CITY OF NEW YORK

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. The City of New York's employees had a duty to release Plaintiff in a timely manner after his writ was granted. But they breached that duty and Plaintiff was injured as a result, in that he remained incarcerated.

57. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

58. The City of New York is liable for the conduct of its employees and any damages they caused under the doctrine of *respondeat superior*.

## SIXTH CLAIM FOR RELIEF:
## VIOLATION OF THE NEW YORK STATE CONSTITUTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

   i. freedom from unreasonable search and seizure of her person and property;

   ii. freedom from arrest without probable cause;

   iii. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   iv. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

   v. freedom from deprivation of liberty without due process of law.

61. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

62. The City of New York is liable for the conduct of its employees and any damages they caused under the doctrine of *respondeat superior*, including punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

   a. Compensatory damages;

   b. Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       June 29, 2021

Rickner PLLC

By: /s/ Rob Rickner

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

## ATTORNEY'S VERIFICATION

I, Rob Rickner, an attorney duly admitted to practice before the Courts of the State of New York, affirm the following to be true under the penalties of perjury:

1) I am the attorney of record for the Plaintiff.

2) I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are alleged upon information and belief, and as to those matters, I believe them to be true. My beliefs, as to those matters therein not stated upon knowledge, are based upon facts, records, other pertinent information contained in my files.

3) This verification is made by me because Plaintiff does not reside in the County where I maintain my offices.

Dated: New York, New York
June 29, 2021

Rickner PLLC

By: *[signature]*
Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*