```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
MODESTO RODRIGUEZ,                                                   :    21-Civ-8565 (AS)
                                    Plaintiff,                       :
                                                                     :
        - against -                                                  :
                                                                     :
THE CITY OF NEW YORK, WARDEN STEVEN                                  :
BASTIAN, OFFICER MICHELLE GONZALEZ,                                  :
ANTOINETTE DOUGLAS, AND LACHONDA                                     :
LUCAS,                                                               :
                                    Defendants.                      :
                                                                     :
-------------------------------------------------------------------- X
```

## JOINT PROPOSED *VOIR DIRE*

Robert Rickner
Rickner PLLC
14 Wall Street, Suite 1603 New York, NY
10005
rob@ricknerpllc.com
212-300-6506
Fax: 888-390-5401
*Attorney for Plaintiff*

Gee Won Cha
Jessica Acosta-Pettyjohn
Office of the New York State
Attorney General
28 Liberty Street
New York, New York 10005
212-416-8373
geewon.cha@ag.ny.gov
jessica.acosta-pettyjohn@ag.ny.gov
*Attorneys for Defendants*

Pursuant to Rule 47 of the Federal Rules of Civil Procedure and Rule 10(B)(ii) of the Individual Rules of Practice of the Hon. Arun Subramanian, U.S.D.J., the parties submit the following proposed questions for the Court's consideration as jury *voir dire*:

## PROPOSED STATEMENT OF THE CASE[1]

Plaintiff, Modesto Rodriguez, who is a former parolee, and was in the custody of the State of New York, has filed a lawsuit against Defendants Parole Officer Michelle Gonzalez and Lachonda Lucas. In 2019, Defendant Parole Officer Gonzalez was assigned to Plaintiff's supervision. On October 31, 2019, Defendant Gonzalez violated Plaintiff for having the cell phone with an operable camera, which Plaintiff alleges he was given permission to have said phone. Plaintiff was then arrested, taken into custody, and incarcerated at Riker's Island. Plaintiff was charged with 18 alleged parole violations, including charge 3, having a phone with a working camera. In January 2020, Plaintiff filed a filed a petition for a writ of habeas corpus for charge 3. In February 2020, during a final parole revocation hearing, Plaintiff plead guilty to Charge 19, violating a special condition of release, and all of the other charges were dismissed, including Charge 3. On March 19, 2020, the Court granted the writ as to charge 3, and that writ was forwarded for Plaintiff's release from Rikers. During March of 2020, COVID-19 pandemic exploded and shut down all of New York City, and Plaintiff was not released until March 31, 2020. Plaintiff alleges that Defendant Gonzalez maliciously prosecuted him for the parole violation of charge 3, and that Defendant Lucas acted with deliberate indifference when she failed to release him on March 19, 2020. Defendants deny these allegations. Accordingly, Defendants seek a judgment in their favor.

## PROPOSED *VOIR DIRE*

---

[1] Plaintiff objects to this statement of the case and asks the Court to instead read the simplified one Plaintiff proposed in the JPTO.

1. Have you read or heard anything about this case from any source whatsoever?

2. Given this brief description of the allegations, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to law?

3. Will the race or heritage of a person affect you in any way in evaluating the testimony of that person?

   a. Will it in any way affect your ability to be fair and impartial?

4. The plaintiff in this case was a former Incarcerated Individual who was convicted of a felony.

   a. Will the status of being a former Incarcerated Individual affect you in any way in evaluating the testimony of that person?

   b. Will it in any way affect your ability to be fair and impartial?

   c. Will the plaintiff's status of being a former Incarcerated Individual affect your ability to provide an impartial verdict in his favor should plaintiff prove his claim under the law the judge gives you?

5. The plaintiff in this case is a former parolee.

   a. Will the status of being a former parolee affect you in any way in evaluating the testimony of that person?

   b. Will it in any way affect your ability to be fair and impartial?

   c. Will the plaintiff's status of being a former parolee affect your ability to provide an impartial verdict in his favor should plaintiff prove his claim under the law the judge gives you?

6. The plaintiff in this case was on parole because he is a sex offender.

    a. Will the fact that plaintiff is a sex offender make you biased against him, his testimony, or his claims, such that you could not be impartial.

    b. Will the fact that plaintiff is a sex offender prevent you from awarding him damages, even if he had proven his claims, based on the law the court provides for his claims.

    c. Will you be able to treat someone who case been convicted of a sex offense the same way as any other party to a litigation.

7. Do you have any reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

8. Under the law, the facts are for the jury to determine and the law is for the Court. The two areas are separate and distinct. At the end of the case, I will instruct you on the law, and you are required to accept the law as it is explained to you. It will be your job to determine the facts under my explanation of the law. Do you feel that you may not be able to apply the law as I explain it if you disagree with it?

**KNOWLEDGE OF THE PARTIES**

9. Do you know me or any members of my staff on any basis, whether social, professional or otherwise?

10. Do you know the plaintiff, Modesto Rodriguez?

11. Do you know Plaintiff's counsel, Robert Rickner?

12. Do you know, or, to your knowledge, have you had any dealings, directly or indirectly, with any individual or any employees or members of the Rickner PLLC?

13. Do you know either of Defendants' attorneys, Gee Won Cha or Jessica Acosta-Pettyjohn?

14. Do you know anyone who works at the Office of the New York State Attorney General?

15. Do you know the defendants, Parole Officer Michelle Gonzalez or Lachonda Lucas?

16. Are you familiar with New York State Department of Corrections and Community Supervision ("DOCCS")?

17. Do you know anyone who works or has worked for DOCCS?

18. As you look around the room, do you recognize anyone you know?

**KNOWLEDGE OF THE WITNESSES & JURORS**

19. I am now going to read a list of witnesses who may be called to testify during the trial. All of these persons may not be called to testify, but any of them might be. Please raise your hand if you know, or think you might know, any of these people. *[Read list of witnesses: (a) Antionette Douglas; (b) Edward Del Rio; (c) Elliot McIntosh; etc.].*

20. Do you know any of the other members of the jury panel?

**GENERAL BACKGROUND**

21. Please give your name.

22. Where do you live? How long have you lived there? Do you rent or own? Do you live in a multi-unit dwelling, for example an apartment building?

23. How long have you lived in your current residence?

24. What other communities have you lived within the past ten years?

25. What level of education did you complete?

26. Are you employed?

    a. Name of employer?

    b. How long worked there?

    c. Type of work you do?

    d. If you are retired, what was your last employment?  If you are unemployed, what was your last employment?

27. Does/did your job cause you to work with any law enforcement office, law enforcement agency, or correctional facility?

    a. Which office, agency, or facility?

    b. What type of interaction did you have with the office, agency, or facility?

    c. Was it a positive experience or was it negative?  If it was negative, do you think you could separate your feelings about your prior contact with law enforcement or correctional facility and not hold it against the defendant corrections officers here?

28. Family.

    a. Who do you live with?

    b. Marital status/partner?

        i. Name of his or her employer?

        ii. How long employed there?

        iii. Type of work he or she does?

    c. Number of children and their ages?

        i. If children over 18, do they attend school and where?

        ii. Are they employed, and where?

29. Have you ever worked in the legal field?

30. Have you ever practiced law? If so, what kind of law have you practiced?

31. Do you have any relatives or close friends who are attorneys, judges or court personnel?

32. Do you have any relatives or close friends who work as Parole Officers or law enforcement?

33. Do you or have you work(ed) in the medical field? If so, how?

34. Have you ever served in the military?

    d. Which branch?

    e. What rank did you hold?

    f. What duties did you have?

35. Please describe your educational background, including any colleges and graduate schools.

36. Do you regularly read any newspapers or magazines? Which ones?

37. Do you regularly watch television? What television shows do you watch?

38. Do you regularly listen to the radio? What radio stations do you listen to? What radio shows do you listen to?

39. What activities or hobbies do you engage in?

**PRIOR LITIGATION EXPERIENCE**

40. Have you or a member of your family or household, or any close friend, ever been involved in a civil or criminal legal proceeding of any kind? If yes, please

describe what the proceeding was about and whether the result was satisfactory or unsatisfactory.

41. Have you ever been a juror before? In a civil or criminal case?

    g. Did the case go to verdict?

    h. Were you able to participate and deliberate freely, without undue influence from the other jurors?

    i. Were you the foreman?

    j. Was your experience as a juror a positive or a negative experience?

    k. Would you like to sit on the jury here? Why?

    l. Would anything about your prior jury service affect your service on this case?

42. Have you ever been on a Grand Jury?

**LAW ENFORCEMENT OR PAROLE SUPERVISION RELATIONSHIPS AND EXPERIENCE**

43. Have you or any relatives or close friends ever been

    a. Arrested or charged with violating any law or ordinance?

    b. Convicted of a crime, jailed, or imprisoned?

44. Have you or any relatives or close friends ever been on Parole Supervision?

45. Have you or any relatives or close friends ever been on Probation Supervision?

46. Have you or any relatives or close friends had any dealings with law enforcement, including Parole Officers, that left you with strongly negative or strongly positive feelings about law enforcement officers generally?

47. Do you have any opinions regarding New York State Department of Corrections and Community Supervision?

48. Have you or any relatives or close friends ever worked for the New York State Department of Corrections and Community Supervision? If so, what positions were held and when?

49. Have you or any relatives or close friends ever worked for any government or municipal agency? If so, what positions were held and when?

50. Have you or any relatives or close friends ever held a job in law enforcement or parole other than with NYS DOCCS? If so, please describe.

    a. Would anything that happened during that employment prevent you from sitting impartially on this panel?

    b. If you have had a family member or friend work for law enforcement or parole, has that person ever discussed her/his work with you?

    c. Is there anything about your connection to that person which might make it difficult for you to be fair and impartial in this case?

    d. Do you think that your connection to law enforcement or parole would make you tend to favor or disfavor the testimony of the defendant parole officer in this case?

51. Have you or a member of your family or household or any close friend ever had any interaction with the New York State Department of Corrections and Community Supervision?  If so, please give details. [Can be explained outside the presence of the other prospective jurors.]

52. What was the nature of the contact or interaction with NYS DOCCS?  [Can be explained outside the presence of the other prospective jurors.]

53. Do you have any strong favorable or unfavorable feelings or beliefs about the NYS DOCCS or any other law enforcement agency? If so, please explain. [Can be explained outside the presence of the other prospective jurors.]

54. Have you formed an opinion about the NYS DOCCS based on any information you have heard or read in the media?

55. Have you or has any member of your family or any close friend ever been the victim of a crime? If so, please describe the circumstances.

    e. Did you report it to the police? If not, why?

    f. What was the ultimate result?

    g. What is your opinion of the officer(s) you dealt with? Would you describe it as a positive or negative experience?

56. Have you or has any member of your family ever been convicted of a crime? If so, please describe the circumstances. [Can be explained outside the presence of the other prospective jurors.]

57. Are you aware of other civil cases involving parole officers, especially as they relate to alleged violations by parole officers? If so, would your knowledge or understanding of those cases impact on your ability to consider the evidence presented in this case with an open mind and to deliberate without bias or sympathy for the plaintiff?

**PRIOR DETENTIONS**

58. As an adult, have you ever been detained by a law enforcement officer or parole officer?

59. As an adult, has a law enforcement officer or parole officer told you that you may not leave a specific area or location?

60. Have you or has any member of your family been detained by a law enforcement officer or parole officer for an extended period of time?

**ABILITY TO BE IMPARTIAL FOR THIS TYPE OF CASE**

61. Do you believe that the fact that the plaintiff started this lawsuit and is here today for trial means that there must be at least some merit to the plaintiff's allegations?

62. Are you less likely to believe the testimony of an individual who has been under parole supervision?

63. Do you have any issue with the fact that in this case both a former Incarcerated Individual/former parolee and a parole officer stand equal before the law?

64. Do you believe that a person who is a former Incarcerated Individual/former parolee no longer has any constitutional rights?

65. If you knew someone was a former Incarcerated Individual/former parolee, would you think they were less likely to tell the truth?

66. Do you believe that members of law enforcement or parole are more likely to tell the truth because of their employment choice?

67. Are you more likely to credit the testimony of a parole officer over that of a former Incarcerated Individual/former parolee?

**ABILITY TO BE IMPARTIAL GENERALLY**

68. Are there any reasons why you would be unable to follow the Judge's instructions on the law?

69. If plaintiff is able to prove his cause under the law the judge gives you, will you have any problem awarding a verdict in his favor?

70. If you reach a verdict in plaintiff's favor would you have any problem awarding reasonable damages to plaintiff for physical injuries and/or emotional suffering to the extent they are proved at Trial?

71. If you find the evidence does not support Plaintiff's claim, will you have any problem rendering a verdict in Defendants' favor?

72. Would you be unable to apply the law as you are instructed to do by the Judge if you believe that the law is morally wrong?

73. Would you be able to evaluate each witness's credibility objectively, without bias or prejudice?

74. Is there anything that has not been asked which you would want to tell the Court about and which may be a factor in your ability to be fair and impartial in this case? You may speak to me and the parties' counsel privately if you wish.

Dated: January 23, 2024
New York, NY

        Rickner PLLC
        *Attorney for Plaintiff*

        _____
        ROBERT RICKNER
        Rickner PLLC
        14 Wall Street, Suite 1603 New York, NY 10005
        rob@ricknerpllc.com
        212-300-6506

        LETITIA JAMES
        Attorney General
        State of New York

*Attorney for Defendants*

By: *Gee Won Cha*
GEE WON CHA
JESSICA ACOSTA-PETTYJOHN
Assistant Attorneys General
 28 Liberty Street
New York, New York 10005
(212) 416-8373/6551

13