UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MODESTO RODRIGUEZ,

                               Plaintiff,         No. 21 Civ. 8565 (AS)

           - against -

THE CITY OF NEW YORK, WARDEN STEVEN
BASTIAN, OFFICER MICHELLE GONZALEZ,
ANTOINETTE DOUGLAS, AND LACHONDA
LUCAS,

                Defendants.
------------------------------------------------------------------X

## DEFENDANTS' MOTION IN LIMINE

                                                LETITIA JAMES
                                                Attorney General
                                                State of New York
                                                Attorney for Defendants
                                                28 Liberty Street – 18th Floor
                                                New York, New York 10271
                                                212-416-8118/8606

Gee Won Cha
Jessica Acosta-Pettyjohn
Assistant Attorneys General
        Of Counsel

## PRELIMINARY STATEMENT

Defendants Michelle Gonzalez ("Defendant Gonzalez") and Lachonda Lucas ("Defendant Lucas") (collectively "Defendants"), by their attorney, Letitia James, Attorney General for the State of New York, respectfully submits this memorandum of law in support of their motion in limine. Plaintiff Modesto Rodriguez brings this action alleging that Defendant Gonzalez violated his Fourth Amendment rights by maliciously prosecuting him when she initiated parole revocation proceedings without probable cause, and that Defendant Lucas acted with deliberately indifference by failing to release Plaintiff when he was ordered to be released by way of habeas corpus.

Defendants respectfully seek an order precluding Plaintiff from presenting as evidence the decision issued by Justice Margaret Clancy on Plaintiff's writ of habeas corpus ("Writ decision") and also allowing the jury to deliberate on the 17 other charges presented on the Violation of Release Report.

## THE JURY SHOULD DELIBERATE WHETHER DEFENDANT GONZALEZ HAD PROBABLE CAUSE TO INITIATE THE PAROLE REVOCATION PROCEEDING BASED ON THE OTHER CHARGES

The Writ decision dated March 19, 2020 found that the evidence was insufficient to establish probable cause as to Charge 3, the only charge the Defendant Gonzalez elected to proceed on at the preliminary hearing. As the criminal proceeding, in this case, the parole revocation proceeding, was initiated at the issuance of the warrant on October 31, 2019, the jury should be able to hear evidence on the additional 17 charges that were brought against Plaintiff, and deliberate whether Plaintiff met his burden of proving that Defendant Gonzalez lacked probable cause on *any* of those additional charges. While the Second Circuit held that courts "need to separately analyze the charges claimed to have been maliciously prosecuted" (Posr v. Doherty, 944 F.2d 91, 100 (2d Cir.1991)), that was a case involving criminal charges involving different

elements and was to prevent officers from "tack[ing] on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses."

That is not the case here. Executive Law §259-i-(3)(a)(i) provides that a parole officer can issue a warrant when they have reasonable cause to believe that *one* or more conditions of his parole was violated. Thus, the Third Circuit's ruling in Wright v. City of Philadelphia should dictate, which held that the existence of probable cause with respect to *any* of the charges for which Plaintiff was arrested should dispose of his malicious prosecution claim. Wright v. City of Philadelphia, 409 F.3d 595, 604 (3d Cir.2005) (to prevail on a malicious prosecution claim, the plaintiff must show that the officers lacked probable cause to *arrest* plaintiff and the existence of probable cause with respect to one offense disposes of plaintiff's malicious prosecution claims with respect to all of the charges brought against plaintiff) (emphasis added). Therefore, the jury should be able to deliberate on the remaining charges and instructed that if probable cause is found on any of them, Defendant Gonzalez is not liable.

### PLAINTIFF SHOULD BE PRECLUDE FROM ENTERING THE WRIT DECISION INTO EVIDENCE

Plaintiff seeks to offer Exhibit 2 which is the decision issued by Justice Margaret Clancy on Plaintiff's writ of habeas corpus. While there may be testimony as to the events surrounding Plaintiff's release, including that it was vis a vis a writ of habeas corpus, introduction of the Writ Decision itself should be precluded because it is substantially more prejudicial than probative. See Fed. R. Evid. 403 (providing for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

While the Writ Decision held that Defendant Gonzalez lacked probable cause to charge Plaintiff with *Charge 3* as part of his parole revocation proceeding, Defendant Gonzalez initiated the parole revocation proceeding by charging Plaintiff with 17 other violations that was not at issue in the Writ and never decided on by Judge Clancy. In fact, the question of whether Defendant Gonzalez had probable cause to initiate a parole revocation proceeding based on the other 17 changes is one of the very issues at trial and an element that Plaintiff has the burden of proving. Therefore, presenting evidence, in this case a court ruling, related to the existence of probable cause as to any charge "would confuse the jury by offering conclusions regarding the factual issues the jury was to determine." McLeod v. Llano, No. 17 Civ. 6062, 2021 WL 1669732, at *4 (E.D.N.Y. Apr. 28, 2021) (precluding the NYPD's administrative trial findings as to the force defendant used on plaintiff because the jury, when presented with the same facts, would muddle the standard it is meant to apply and predispose the jury to adopting the same findings) (citations omitted).

Therefore, any probative value of the Writ Decision would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time under FRCP 403.

Dated:    New York, New York
          January 23, 2024

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        <u>Attorneys for Defendant</u>
                                        By:
                                        <u>/s/ *Gee Won Cha*</u>
                                        Gee Won Cha
                                        Jessica Acosta-Pettyjohn
                                        Assistant Attorney General
                                        28 Liberty Street- 18th Floor
                                        New York, NY 10005
                                        (212) 416-8387/6551